## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

EDWARD RAY JONES                                                                      PETITIONER
ADC #72085


v.                                           5:09-cv-00135-SWW-JJV


LARRY NORRIS, Director,
Arkansas Department of Correction                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan

Webber Wright.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the hearing before the District Judge (if such a

1

hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
500 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 of Edward Ray Jones, an inmate in the custody of the North Central Unit of the Arkansas Department of Correction (ADC).

## I.    Factual History

Petitioner has a criminal history dating back to January 1977, when he was convicted of aggravated robbery and sentenced to ten years of imprisonment, but served three years.  (Doc. No. 10, Ex. A at 7).  Petitioner was next convicted of possession of a controlled substance in June 1989 and again was sentenced to ten years, but served only two years.  (*Id.*).  Petitioner is now incarcerated based upon three pleas entered in Union County Circuit Court in 2007 and 2008. Petitioner pled guilty on November 14, 2007, to one count of possession of a controlled substance, a Class C felony.  (Doc. No. 10, Ex. A at 20-21).  He was sentenced to six years of imprisonment followed by a four-year suspended sentence.  (*Id.*).  On December 3, 2007, Petitioner pled guilty to one count of forgery, a Class C felony.  (Doc. No. 10, Ex. A at 27-28).  He received a six year

2

sentence followed by a six year suspended sentence.  (*Id*.).  Lastly, on May 23, 2008, Petitioner

pleaded *nolo contendre* to one count of second degree sexual assault, a Class C felony and received

a sentence of five years of imprisonment followed by a five-year suspended sentence. (Doc. No. 10,

Ex. A at 11-12).

When Petitioner was processed for the above three offenses, ADC noted in his status

assignment sheet that he was not eligible for parole because he fell under Act 1805 due to a prior

aggravated robbery charge in 1978.[1]  (Doc. No. 10, Ex. A at 8).

## II.    Analysis

Petitioner alleges that the statute in effect in 1978 should control his parole eligibility rather

than the statute in effect at the time of his 2008 second degree sexual assault conviction.[2]  (Doc. No.

1 at 5).  The statute in question is ARK. CODE ANN. § 16-93-609(b)(1), which  reads, in pertinent

part:

> Any person who commits a violent felony offense or any felony sex offense
> subsequent to August 13, 2001, and who has previously been found guilty of or
> pleaded guilty or nolo contendere to any violent felony offense or any felony sex
> offense shall not be eligible for release on parole by the board.

ARK. CODE ANN. § 16-93-609(b)(1) (2001).

In response to this argument, Respondent argues that under Arkansas law, "parole eligibility

is determined by the law in effect at the time the crime is committed."  *Boles v. Huckabee*, 12

S.W.3d 201, 202 (2000).[3]  Therefore, because Petitioner had pled guilty in 1978 to a violent felony

---

[1]Act 1805 has been codified at ARK. CODE ANN. § 16-93-609 (2001).

[2]It should be noted that Petitioner failed to seek any form of state court relief.

[3]Respondent also contends that Petitioner fails to allege a violation of federal
constitutional law.  While it is a close call, the Court rejects this argument as Petitioner has
alleged violations of Equal Protection and Due Process in his reply. (Doc. No. 11).

offense, and was convicted of a felony sex offense after August 13, 2001, the ADC correctly applied § 16-93-609(b)(1) in determining that Petitioner was ineligible for parole.

In establishing a parole system, a state <u>may</u> create a liberty interest that is protectible under the Fourteenth Amendment. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1 (1979); *see Board of Pardons v. Allen,* 482 U.S. 369, 373-81 (1987). However, nothing in the Arkansas parole statutes creates anything more than a mere possibility of parole, and thus the statutes do not establish any right to release on parole which would invoke due process protection. *Pittman v. Gaines*, 905 F.2d 199, 201 (8th Cir.1990); *Parker v. Corrothers*, 750 F.2d 653, 655-57 (8th Cir.1984); *Robinson v. Mabry*, 476 F.Supp. 1022, 1023 (E.D. Ark. 1979).  When a prisoner is committed to the custody of a state penal authority, such as the ADC, "he can be assured of only one thing – that he will be released from the State's custody at the end of the term of years specified by the sentencing court." *Richmond v. Duke*, 909 F.Supp. 626, 631 (E.D. Ark. 1995).  Petitioner has no federal or state liberty interest in the possibility of obtaining parole, and his claim should be dismissed.

The Court has also considered Petitioner's additional claims in his reply filed July 29, 2009. (Doc. No. 11).  Petitioner states that "Respondent misinterprets Petitioner's claims of misapplication of 'parole eligibility laws.' Petitioner is claiming a violation of Equal Protection of Law and Due Process by application of A.C.A. § 16-93-609 to an offense that is over 15 years old. It is erroneous to use a conviction against the Petitioner that is over 15 years old." (Doc. No. 11).

Petitioner's allegations of violations of Equal Protection and Due Process fall short.  The Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV, § 1.  "This mandate has been interpreted to require the government 'to treat similarly situated people alike.'"  *Rouse v. Benson*,

193 F.3d 936, 942 -943 (8th Cir. 1999) (quoting *City of Cleburne v. Cleburne Living Ctr., Inc.,* 473

U.S. 432, 439, (1985)).  This protection is extended to prisoners so that "[w]hen a prison regulation

or practice offends a fundamental constitutional guarantee, federal courts [should] discharge their

duty to protect constitutional rights."  *Procunier v. Martinez*, 416 U.S. 396, 405-406 (1974).

"However, in prison cases, courts will ordinarily defer to the expert judgment of prison authorities,

due to the difficulty of running a prison and the commitment of the task to the responsibility of the

legislative and executive branches." *Rouse*, 193 F.3d at 942; *see also Hosna v. Groose*, 80 F.3d 298,

303 (8th Cir. 1996), *cert. denied*, 519 U.S. 860 (1996) ("[F]ederal courts ought to afford appropriate

deference and flexibility to [prison]officials trying to manage a volatile [prison] environment," and

"such flexibility is especially warranted in the fine tuning of the ordinary incidents of prison life,"

in order that the Courts do not "micro manage" prisons").

       This Court must begin its equal protection analysis by determining whether Petitioner has

made a showing that he was treated differently than other inmates similarly situated to him.  *Klinger*

*v. Department of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994).  "Absent a threshold showing that

[Petitioner] is similarly situated to those who allegedly receive favorable treatment, the [Petitioner]

does not have a viable equal protection claim." *Id*.  "Dissimilar treatment of dissimilarly situated

persons" does not violate the Equal Protection Clause.  *Id*.  The burden is on Petitioner to prove by

direct or circumstantial evidence that discriminatory intent was the motivating factor for the

differentiation in treatment.  *See Vill. of Arlington Heights v. Metropo. Hous. Dev. Corp*., 429 U.S.

252, 265 (1977) ("proof of racially discriminatory intent or purpose is required to show a violation

of the Equal Protection Clause").

       When analyzed, Petitioner's equal protection claim fails to make the threshold showing.  In

attempting to advance his claim, Petitioner cites cases involving federal sentencing and the

application of the United States Sentencing Guidelines.  As Petitioner has identified, the federal

sentencing process generally disallows consideration of convictions occurring more than 15 years

prior to the instant offense.  Because of this difference, it is logical that Petitioner might believe the

different treatment amongst prisoners constitutes an Equal Protection violation.  While it is true that

state and federal prisoners are treated differently in this regard, this does not amount to a

constitutional Equal Protection claim.[4]

For Petitioner to prevail, he would be required to show that the relevant statute was

arbitrarily applied or used in a discriminatory manner.  In the instant example, state law requires that

Petitioner is not eligible for early release based on his prior violent criminal history.  A sentencing

scheme based on criminal history is not constitutionally impermissible.  "Statutes that punish

recidivists more severely than first offenders have a long tradition in this country that dates back to

colonial times." *Parke v. Raley*, 506 U.S. 20, 26 (1992) (*citations omitted).*  "States have a valid

interest in deterring and segregating habitual criminals." *Id.(citing Rummel v. Estelle*, 445 U.S. 263,

284 (1980)).  The Supreme Court has "repeatedly upheld recidivism statutes 'against contentions

that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and

unusual punishment, due process, equal protection, and privileges and immunities.'" *Id. at* 27( *citing*

*Spencer v. Texas*, 385 U.S. 554, 560 (1967)).

While the Constitution does not afford the states unlimited ability to implement increased

sentencing schemes, the Arkansas scheme is rationally based on furthering a legitimate penal

---

[4] Even some federal prisoners are treated differently when it comes to the application of
sentencing laws.  For example, federal law requires that regardless of the sentencing guidelines,
some criminal convictions more than 15 years old can enhance a federal defendant's sentence.
The federal courts have routinely held that this is not an equal protection violation. *See United
States v. Moreno*, 933 F.2d 362 (6th Cir. 1991), *cert. denied*, 502 U.S. 895 (1991).

interest.  The purpose of the law was simply "to provide that repeat offenders convicted of violent felony offenses or any felony sex offense shall not be eligible for release on parole; and for other reasons."  2001 Ark. Acts, No. 1805.  The statute is intended to apply to repeat offenders convicted of violent felony or felony sex offenses regardless of the date of the first violent felony conviction.  Based upon Petitioner's prior felony conviction, he qualified for the application of this statute and the Court finds no violation of Petitioner's constitutional rights.

Based upon the foregoing, the Court recommends that the Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED with prejudice, and the relief requested be DENIED.

IT IS SO ORDERED this 17th day of November, 2009.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE